UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 24-cr-00391-JDB** |
| | : | |
| v. | : | **VIOLATION:** |
| | : | 18 U.S.C. § 1343 (Wire Fraud) |
| **JARETT LEWIS,** | : | |
| | : | **FORFEITURE: 18 U.S.C. § 981(a)(1)(C),** |
| **Defendant.** | : | 28 U.S.C. § 2461(c) |

**STATEMENT OF OFFENSE**

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully submits the following Statement of Offense in the above-captioned case.

The following proffer of the government's evidence is intended only to provide the Court with enough evidence to satisfy the mandate of Rule 11(b)(3) of the Federal Rules of Criminal Procedure. This proffer is not intended to be a disclosure of all the evidence available to the United States nor to the defendant.

Had this matter gone to trial, the government's evidence would have shown, beyond a reasonable doubt, the following facts.

1. Jarett Lewis resided in the District of Columbia in 2021 and 2022.

2. Lewis was employed as the Director of Finance for Victim 1 from June of 2021 until October 28, 2022.

3. Victim 1 is a non-profit organization established under the laws of the District of Columbia. Victim 1 maintained its headquarters in the District of Columbia. The objective of Victim 1 was and is to seek reforms to the judicial system in the United States.

4. Victim 1 owned and maintained a bank account at Amalgamated Bank located outside of the District of Columbia.

5.      As the Director of Finance, Lewis was provided with full access to Victim 1's bank account at Amalgamated Bank using passwords.

6.      Lewis, as the Director of Finance, was one of three employees at Victim 1 with access to the account. It was part of Lewis's duties at Victim 1 to access the account and make payments on behalf of Victim 1 to people and organizations providing goods and services to Victim 1. Lewis had full access to Victim 1's account at Amalgamated. The password was intended to provide security for the account and was provided to trusted employees.

7.      Lewis, as the Director of Finance, was also provided with a VISA card for an account belonging to Victim 1. As part of his official duties, Lewis was authorized to use the VISA card incur expenses on behalf of Victim 1 for goods and services related to the operations of Victim 1. The VISA card was only provided to trusted employees at Victim 1.

8.      As its Director of Finance, Victim 1 gave Lewis control and substantial managerial discretion to use its bank account and VISA card – albeit only for payments for goods and services to Victim 1, not Lewis personally. Because Victim 1 gave Lewis such considerable deference and permitted him to exercise substantial discretionary judgment, he was subject to significantly less supervision in the use of these accounts than would otherwise be the case. As described below, Lewis used that substantial discretion and lack of supervision to perpetrate the offense.

9.      From about June of 2021 through October 28, 2022, Lewis planned, implemented, and intended to utilize a scheme where he accessed Victim 1's bank account and obtain funds by utilizing Amalgamated's servers, located outside the District of Columbia. Lewis took advantage of his position by accessing Victim 1's account and causing funds to be transferred to his personal account. Lewis used these funds for his own personal benefit and not for any official business of

Victim 1. Lewis performed such transfers thirty-two times. The total loss suffered by Victim 1 resulting from these transfers is $309,950.88.

10. For example, in Count One of the Indictment, on October 8, 2021, Lewis accessed Victim 1's account at Amalgamated by using the password provided by Victim 1 and transferred $7,032.00 to his personal bank. In doing so, he caused to be transmitted, by means of wire communication in interstate commerce, certain signals; that is, Lewis, from his home in the District of Columbia, connected to the Amalgamated Bank online computer website and application, hosted on servers located in the United States outside the District of Columbia, and caused the foregoing financial transfer.

11. Lewis planned, implemented, and intended to use the VISA card for his own personal benefit. Lewis used the VISA card entrusted to him by Victim 1 to book and pay for personal travel for Lewis, family and friends. Lewis's responsibilities did not include traveling on behalf of Victim 1. The total amount of misuse of the VISA card amounts to $9,112.96.

12. In total, the parties stipulate that Lewis's scheme to defraud amounts to a total of ~~$321,057.98.~~ $320,063.84 *[handwritten, initialed MTL]*

13. The proceeds from Lewis's wire fraud scheme have been dissipated by him and cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; and/or have been placed beyond the jurisdiction of the Court.

Respectfully submitted,

EDWARD R. MARTIN, JR.
ACTING UNITED STATES ATTORNEY

By: _____
MICHAEL T. TRUSCOTT
Assistant United States Attorney
Fraud, Public Corruption & Civil Rights Section
601 D Street, N.W. | Washington, D.C. 20530
202.252-7223
Michael.truscott2@usdoj.gov

**DEFENDANT'S ACKNOWLEDGMENT**

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crime that is charged. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully.

I read every word of this Statement of Offense. Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that it is true and correct.

Date: 02/12/2025

JARETT LEWIS
Defendant

**ATTORNEY'S ACKNOWLEDGMENT**

I have read this Statement of Offense and have reviewed it with my client fully. I concur in my client's desire to adopt and stipulate to this Statement of Offense as true and accurate.

Date: 2/12/2025

UBONG E. AKPAN